UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

SMS GROUP INC. D/B/A BAR5F AND VYACHESLAV PODLUBNY,

Plaintiffs,

v.

PHARMAAID CORP. D/B/A TOP QUALITY DISTRIBUTIONS D/B/A TOP QUALITY DISTRIBUTORS,

Defendant.

**No. 1:23-cv-01777**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Oleg A. Mestechkin, Esq.
Wing K. Chiu, Esq.
**MESTECHKIN LAW GROUP P.C.**
1733 Sheepshead Bay Road, Suite 29
Brooklyn, New York 11235
Tel. (212) 256-1113
Fax. (646) 365-2069
om@lawmlg.com
wkc@lawmlg.com

*Attorneys for Plaintiffs SMS Group Inc. d/b/a Bar5F and Vyacheslav Podlubny*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 3

ARGUMENT ..... 6

I. Plaintiffs Have Standing to Maintain this Copyright Infringement Action Because Plaintiff Podlubny Owns the Asserted Copyright. ..... 6

II. This Court May Exercise Personal Jurisdiction over Defendant. ..... 6

III. Plaintiffs Can Establish Their Entitlement to a Temporary Restraining Order. ..... 7

A. Plaintiffs Will Likely Succeed on Their Copyright Infringement. ..... 7

1. The Asserted Copyright is Presumed to Be Valid and Protectable Because It is Registered with the Copyright Office. ..... 8

2. Plaintiffs Have Established That Defendant Copied Plaintiff's Photos Since Both Sets of Photos are Identical and Defendant Gained Access to Plaintiff's Photos By Accessing Plaintiff's Amazon Store. ..... 8

3. Defendant's Use of Plaintiffs' Photographs on its Internet Store Violates Plaintiff's Exclusive Right to Display the Copyrighted Photographs. ..... 10

B. Plaintiffs Have No Adequate Remedy at Law and Defendant's Public Display Of Infringing Copies Irreparably Harms Plaintiffs. ..... 11

C. Balance of Hardships and Public Interest Favor an Injunction ..... 13

IV. Plaintiffs' Request For Five Hundred Dollar Security Bond Is Proper. ..... 14

CONCLUSION ..... 14

# TABLE OF AUTHORITIES

## CASES

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
944 F.2d 971 (2d Cir. 1991) .......... 6

*Apple Computer, Inc. v. Franklin Computer Corp.*,
714 F.2d 1240 (3d Cir. 1983) .......... 14

*BWP Media USA Inc. v. Uropa Media, Inc.*,
No. 13 Civ. 7871(JSR)(JCF), 2014 WL 2011775 (S.D.N.Y. May 16, 2014) .......... 11

*BWP Media USA, Inc. v. Gossip Cop Media, Inc.*,
196 F.Supp.3d 395 (S.D.N.Y. 2016) .......... 10

*Corning Glass Works v. Jeannette Glass Co.*,
308 F. Supp. 1321 (S.D.N.Y. 1970) .......... 13

*Doctor's Assocs., Inc. v. Stuart*,
85 F.3d 975 (2d Cir. 1996) .......... 14

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) .......... 7

*Franklin v. X Gear 101, LLC*,
No. 17 Civ. 6452 (GBD) (GWG), 2018 WL 4103492 (S.D.N.Y. Aug. 28, 2018) .......... 8

*Gogo Apparel, Inc. v. Daruk Imports, Inc.*,
No. 1:19-cv-05701 (LGS) (SDA) 2020 WL 4274793 (S.D.N.Y. June 11, 2020) .......... 8

*Hamil Am., Inc. v. GFI*,
193 F.3d 92 (2d Cir. 1999) .......... 7, 8

*Kennedy Stock, LLC v. NLS New York Inc.*,
No. 18-CV-4991 (PGG) (BCM), 2019 WL 13096650 (S.D.N.Y. Nov. 18, 2019) .......... 7

*Knitwaves, Inc. v. Lollytogs Ltd.*,
71 F.3d 996 (2d Cir. 1995) .......... 7

*Laureyssens v. Idea Grp., Inc.*,
964 F.2d 131 (2d Cir. 1992) .......... 8, 10

*Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*,
965 F.2d 1224 (2d Cir. 1992) .......... 7

*Mattel, Inc. v. 86755, et al.*,
No. 18-cv-8825-RJS-JSR (S.D.N. Y. Oct. 4. 2018) .......... 14

*Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*,
312 F.3d 94 (2d Cir. 2002) .......... 11

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005) .......... 13

*Michael Grecco Productions, Inc. v. Valuewalk, LLC*,
345 F.Supp.3d 482 (S.D.N.Y. 2018) .......... 9

*N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*,
883 F.3d 32 (2d Cir. 2018) ........................................ 7

*Omega Importing Corp. v. Petri-Kine Camera Co.*,
451 F.2d 1190 (2d Cir. 1971) ........................................ 12

*Penguin Group (USA) Inc. v. American Buddha*,
609 F.3d 30 (2nd Cir. 2010)........................................ 6

*Polaroid Corp. v. Polarad Elecs. Corp.*,
287 F.2d 492 (2d Cir. 1961) ........................................ 12

*Reilly v. Plot Commerce*,
No. 15-CV-05118 (PAE) (BCM), 2016 WL 6837895 (S.D.N.Y. Oct. 31, 2016)............... 7, 10

*Salinger v. Colting*,
607 F.3d 68 (2d Cir. 2010) ........................................ 11

*Simhaq v. Kid Carter Touring, Inc.*,
No. 20-CV-2057 (RPK) (RER), 2021 WL 3810754 (E.D.N.Y. Aug. 11, 2021) .................... 10

*Warner Bros. Entm't Inc. v. RDR Books*,
575 F. Supp. 2d 513 (S.D.N.Y. 2008) ........................................ 7

*Warner Bros. Entm't, Inc. v. WTV Sys.*,
824 F. Supp. 2d 1003 (C.D. Cal. 2011) ........................................ 12

*Weitzman v. Stein*,
897 F.2d 653 (2d Cir. 1990) ........................................ 6

*WPIX, Inc. v. ivi, Inc.*,
691 F.3d 275 (2d Cir. 2012) ........................................ 13

**STATUTES**

15 U.S.C. § 1125(a) ........................................ 6

17 U.S.C. § 106(5) ........................................ 11

17 U.S.C. § 410(c) ........................................ 8

**RULES**

New York Civil Practice Law and Rules § 301 ........................................ 6

Plaintiffs SMS Group Inc. d/b/a Bar5F and Vyacheslav Podlubny, by and through their undersigned counsel, Mestechkin Law Group, P.C., hereby submit the following Memorandum of Law in support of their motion under Federal Rule of Civil Procedure 65 for entry of a preliminary injunction, to (1) enjoin Defendant from engaging in any activity that would infringe Plaintiffs' U.S. Copyright Registration Nos. VAu 001431086 and VAu-001490123, including by promoting, selling or offering for sale any products using the photographs covered by Plaintiffs' Copyrights, (2) shut down/disable/remove any Amazon.com, or other internet store, webpages titled to, or operated by, Defendant that use any photographs protected by Plaintiffs' Copyrights, and (3) order Defendant to destroy/and or cover up any product packaging that uses Plaintiffs' copyrighted photographs. For the reasons to follow, Plaintiffs' motion must be granted in its entirety.

**PRELIMINARY STATEMENT**

This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501 *et. seq.*, arising from a defendant Amazon merchant's unauthorized use of photographs copied directly from Plaintiffs' Amazon store and Plaintiffs' Bar5f.com website to sell competing goods on Amazon to the financial and goodwill detriment of the Plaintiffs.

Since the early 2000s, Plaintiffs have been creating household and commercial products that are refined, efficient, durable, and environmentally-friendly. Plaintiffs' product offerings include primarily spray bottles and interchangeable, universal liquid dispensers, which have always been popular, but became more so during the Covid-19 pandemic when there emerged a great demand for personal and commercial hand sanitizer dispensers. Plaintiffs began their business by selling retail, but have transitioned to selling goods direct to consumers on online stores, such as their own website at Bar5F.com and on their Amazon store.

In 2021, during the height of the pandemic, Plaintiffs decided to focus their marketing

on 1-liter bottles and dispensers, especially hand-operated, pump dispensers, that were most commonly found in households during the pandemic. So, Plaintiffs decided to commission a commercial photographer to take commercial-grade photographs of their most popular pump dispensers so that they could be used on Plaintiffs' internet stores and so that they could be used to brand those products in distinctive ways. Plaintiffs copyrighted those photographs shortly after their initial publication.

The photographs proved very popular in promoting sales, so much so that beginning in December 2022, Plaintiffs discovered that an Amazon store named "Top Quality Distributions" started selling pump dispensers that were similar to Plaintiffs' dispensers, and were doing so using the very photographs that Plaintiffs had paid a commercial photographer to take and that had been copyrighted by Plaintiffs. Specifically, Defendant was using the images on its Amazon store and on product packaging.

Upon this discovery, Plaintiffs immediately filed a complaint with Amazon about Defendant's theft, knowing that Amazon would follow their own procedures and contact Defendant regarding Plaintiffs' claims and hoping that this notice would immediately cause Defendant to halt its infringement.

Despite this notice from Amazon and despite Amazon taking down some of the accused photographs, Defendant has continued its infringement. Webpage captures of Defendant's internet store and of the product packaging for Defendant's products, taken as recently as February 24, 2023, show that Defendant is still using Plaintiffs' copyrighted photographs on its website and on product packaging without permission and is still infringing Plaintiffs' copyrights. Thus, Plaintiffs are left with no recourse but to seek injunctive relief from this Court to prevent Defendant from further harming Plaintiffs' business.

## STATEMENT OF FACTS

### I. The Parties

Plaintiff SMS Group Inc. is a company which operates an online store on Amazon called "Bar5F". Bar5F sells bottles and pump dispensers of various sizes and shapes for personal and commercial use. (Compl. ¶ 11.) Plaintiff Podlubny is the President of SMS Group Inc. (*Id.* ¶ 4.)

Defendant Pharmaaid Corp. is a company which also operates an online store on Amazon.com, called "Top Quality Distributions". Defendant sells a variety of goods including pump dispensers. (*Id.* ¶ 18.)

### II. The Asserted "Best-Universal Pumps" Copyrighted Photographs

One of the products that Plaintiffs sell on their Amazon.com store is a "Universal Shampoo/Conditioner Pump" for one liter bottles. (*Id.* ¶ 12.)

To advertise this product, Plaintiffs took professional photographs and uploaded those photographs on their Amazon store on or about April 28, 2021. (*Id.* ¶ 13 & Compl. Ex. B.) After their publication on Amazon, Plaintiff Podlubny registered these particular photographs with the US Copyright Office under Registration Numbers VAu 001431086 ("'086 Copyright"), and VAu-001490123 ("'123 Copyright.") (*Id.* ¶ 15 & Compl. Ex. C.)

(*Id.* ¶ 16 & Compl. Ex. C.)

## III. Defendant's Infringing Conduct

Beginning in on or about December 26, 2022, Defendant began selling an identical product, called "Replacement Pumps for 1 Liter (33.8oz) Bottles". (*Id.* ¶¶ 18-19 & Compl. Ex. D.) The Amazon Standard Identification Numbers ("ASINs") for Defendant's products which use Plaintiff's copyrighted photographs in their advertising on Defendant's Amazon store, include B0BLP76RF2, B0BLP6QVVX, B0BLHX5HB4. (*Id.* ¶ 20.)

To advertise its products, Defendant, who is also an Amazon.com merchant, blatantly abused his access to Amazon.com by copying Plaintiff's copyrighted photographs and uploading them to its Amazon store, with only slight modifications that merely made the similarities even more striking. Defendant also began selling its products in product packaging that used the copyrighted photographs. (*Id.* ¶¶ 21-22 & Compl. Ex. D.)

The following shows near duplication on the respective stores. (Compl. ¶ 24.)

| '086 Copyright | Defendant's Web Images and Product Packaging |
|---|---|



| ’123 Copyright | Defendant’s Web Images |
|---|---|




Defendant’s infringing images were posted on Defendant’s Amazon store and used for its product packaging without any photograph credit or citation to Plaintiff. (*Id.* ¶ 25.) Further, Defendant does not have any license, authorization, permission or consent to use the infringing images. (*Id.* ¶ 26.)

Plaintiffs discovered the alleged infringement on or about December 26, 2022. (*Id.* ¶ 28.) To stop Defendant’s infringement without resort to litigation, Plaintiffs filed a complaint with Amazon, after which, pursuant to Amazon’s standard procedures in resolving intellectual property disputes, Amazon notified Defendant of Plaintiffs’ copyright claims. That complaint resulted in some of Defendant’s infringing photographs being taken down, so there is no doubt that Defendant did receive notice of Plaintiffs’ claims. (*Id.* ¶ 30.)

To date, despite this notice, Defendant has simply ignored Plaintiff’s demands, ignored Plaintiffs’ copyright rights, and continued to willfully infringe Plaintiffs’ copyrights. (*Id.* ¶ 29.)

## ARGUMENT

Plaintiffs bring this motion under Fed.R.Civ.P. 65 for preliminary injunction based on its claim for copyright infringement under 17 U.S.C. § 501, *et seq.*, of the Copyright Act (Claim I).

### I. Plaintiffs Have Standing to Maintain this Copyright Infringement Action Because Plaintiff Podlubny Owns the Asserted Copyright.

Before the Court can enter an injunction, Plaintiffs must establish standing to maintain this action. As sworn to in the Complaint, Plaintiff Podlubny is the owner of US Copyright Nos. VAu 001431086 ("'086 Copyright"), and VAu-001490123 ("'123 Copyright"). (Compl. ¶¶ 15-17.)

Under well-settled case law in this Circuit, the owner has standing to maintain an action for copyright infringement under 17 U.S.C. § 501(b) of the Copyright Act, since that section permits a legal owner of the copyright "to institute an action for any infringement." *See ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) ("The legal or beneficial owner of an exclusive right under a copyright is entitled to bring actions for infringements of that right occurring during the period of its ownership."), *citing* 17 U.S.C. § 501(b).

### II. This Court May Exercise Personal Jurisdiction over Defendant.

Before a court can enter a preliminary injunction over an out-of-state defendant, Plaintiffs must establish personal jurisdiction over the defendant. *Weitzman v. Stein*, 897 F.2d 653, 658–659 (2d Cir. 1990). In a litigation arising under federal statutes that do not contain their own jurisdictional provisions, federal courts apply the personal jurisdiction rules of the forum state, provided those rules are consistent with the requirements of due process. *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 35 (2nd Cir. 2010). Here, the forum state is New York.

Under New York Civil Practice Law and Rules § 301, a defendant is subject to personal jurisdiction in New York if it "is incorporated in New York and has its principal place of business in [] New York". *Kennedy Stock, LLC v. NLS New York Inc.*, No. 18-CV-4991 (PGG) (BCM),

2019 WL 13096650, at *3 (S.D.N.Y. Nov. 18, 2019); *see also* *Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 WL 6837895, at *3 (S.D.N.Y. Oct. 31, 2016) (same).

Here, personal jurisdiction may be asserted over Defendant because Defendant is incorporated in the State of New York, and maintains a principle place of business in New York. (*See* Compl. ¶¶ 5, 9 & Compl. Ex. A.)

**III. Plaintiffs Can Establish Their Entitlement to a Temporary Restraining Order.**

The standard for granting a temporary restraining order and a preliminary injunction are identical. *See, e.g.* *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). To obtain a TRO or a preliminary injunction, a movant "must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that [preliminary relief] is in the public interest." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

A. Plaintiffs Will Likely Succeed on Their Copyright Infringement.

"To establish a *prima facie* case of copyright infringement, a plaintiff must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 533 (S.D.N.Y. 2008) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).

A defendant is deemed to have copied constituent elements of the plaintiff's work where "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999) (quoting *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995)).

A plaintiff may show actual copying by proving access and substantial similarity between the works. *See Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 139 (2d Cir. 1992). Finally, courts in this Circuit allow a party to show substantial similarity by showing a side-by-side comparison of the asserted and infringing works. *See, e.g.*, *Gogo Apparel, Inc. v. Daruk Imports, Inc.*, No. 1:19-cv-05701 (LGS) (SDA) 2020 WL 4274793, at *5 (S.D.N.Y. June 11, 2020); *Franklin v. X Gear 101, LLC*, No. 17 Civ. 6452 (GBD) (GWG), 2018 WL 4103492, at * 8 (S.D.N.Y. Aug. 28, 2018). Based on these standards, it is clear that Plaintiffs can show a likelihood of success on their claim.

1. The Asserted Copyright is Presumed to Be Valid and Protectable Because It is Registered with the Copyright Office.

It is well-settled that a "certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright". *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999). Further, 17 U.S.C. § 410(c) provides that a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."

Here, Plaintiffs assert US Copyright Nos. VAu 001431086 ("'086 Copyright"), and VAu-001490123 ("'123 Copyright"). (Compl. Ex. C.) Plaintiff Podlubny is the registrant and owner of these copyrights. (Compl. ¶ 17; *see also* Compl. Ex. C.)

Further, the asserted copyright were registered on May 17, 2021 and December 29, 2022, respectively (*see* Ex. C), and were first published on Amazon.com on or about April 28, 2021 (*see id*. ¶ 13), which is well-within five years of each other. Thus, Plaintiff Podlubny is the owner of valid copyrights. *See Hamil*, 193 F.3d at 98; 17 U.S.C. § 410(c).

2. Plaintiffs Have Established That Defendant Copied Plaintiff's Photos Since Both Sets of Photos are Identical and Defendant Gained Access to Plaintiff's Photos By Accessing Plaintiff's Amazon Store.

As established in Plaintiff's Verified Complaint, Defendant used Plaintiffs' copyrighted

photographs to advertise its products on Amazon and on its product packaging. (Compl. ¶¶ 21-22 & Compl. Ex. D.) A side-by-side comparison of Plaintiffs' copyrighted photographs and the photographs used by Defendant on its Amazon webpages shows that the images are identical.

| '086 Copyright | Defendant's Web Images and Product Packaging |
|---|---|
| | |

| '123 Copyright | Defendant's Web Images |
|---|---|
|  | |

(Compl. ¶ 24.)

Where the copying is identical, substantial similarity is, naturally, established. *See Michael Grecco Productions, Inc. v. Valuewalk, LLC*, 345 F.Supp.3d 482, 501 (S.D.N.Y. 2018) ("Here,

the image used was 'not merely substantially similar, [it is] identical to the images licensed to the third-party site[ ].'"), *quoting* *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F.Supp.3d 395, 402 (S.D.N.Y. 2016) (finding that the Plaintiff had established direct copying where the allegedly infringing images were identical to Plaintiff's works)).

In addition, because of the degree of the similarity between the copyrighted works and the accused works, Plaintiffs can establish Defendant's actual copying by establishing Defendant's access to the copyrighted works. *See* *Laureyssens*, 964 F.2d at 139.

As established in the Complaint, both Plaintiff SMS Group d/b/a Bar5F and Defendant are Amazon merchants. Defendant likely discovered Plaintiffs' photographs while searching for pump dispensers, since a search on Amazon for the term "pump dispensers" yields a results page that includes both Plaintiffs' product and Defendant's product. (*See* Compl. ¶ 20 & Compl. Ex. E.) Thus, there is no serious dispute that Defendant copied Plaintiffs' copyrighted photographs.

3. Defendant's Use of Plaintiffs' Photographs on its Internet Store Violates Plaintiff's Exclusive Right to Display the Copyrighted Photographs.

Numerous courts in this Circuit have held that a defendant infringes a copyright owner's exclusive rights under 17 U.S.C. § 106(5) "to display the copyrighted work publicly" by publishing that copyrighted image on a website without permission. *See, e.g.*, *Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 WL 6837895, at *5 (S.D.N.Y. Oct. 31, 2016) (finding infringement where "defendant infringed Reilly's copyright by producing and displaying an unauthorized copy of the Photograph on its website"); *Simhaq v. Kid Carter Touring, Inc.*, No. 20-CV-2057 (RPK) (RER), 2021 WL 3810754, at *3 (E.D.N.Y. Aug. 11, 2021) (finding infringement where "Defendants violated [Plaintiff's] exclusive rights to his Painting by posting the image to numerous social media accounts without permission."); *BWP Media USA Inc. v. Uropa Media, Inc.*, No. 13 Civ. 7871(JSR)(JCF), 2014 WL 2011775, at *1 (S.D.N.Y. May 16,

2014) ("A copyright owner has the exclusive right 'to display the copyrighted work publicly.' 17 U.S.C. § 106(5). By posting BWP's copyrighted photographs on its website, Uropa directly infringed BWP's rights.").

Here, Plaintiffs have established through web page captures of Defendant's Amazon store, that Defendant displayed Plaintiffs' copyrighted photographs on their Amazon store and product packaging. (*See* Compl. ¶¶ 21-22 & Compl. Ex. D.) As numerous courts have held that this use violates a copyright owner's exclusive rights under 17 U.S.C. § 106(5) "to display the copyrighted work publicly", Plaintiffs have established that Defendant violated one of the exclusive rights protected by copyright law and thus infringed Plaintiffs' asserted copyright.

B. Plaintiffs Have No Adequate Remedy at Law and Defendant's Public Display Of Infringing Copies Irreparably Harms Plaintiffs.

The Second Circuit in *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) recognized that while courts must not simply presume irreparable harm in copyright cases, "[t]his is not to say that most copyright plaintiffs who have shown a likelihood of success on the merits would not be irreparably harmed absent preliminary injunctive relief," and that "[a]s an empirical matter, that may well be the case, and the historical tendency to issue preliminary injunctions readily in copyright cases may reflect just that."

The *Salinger* court then noted that "[i]n the context of copyright infringement cases, the harm to the plaintiff's property interest has often been characterized as irreparable in light of possible market confusion." *Id.* at 81 (*citing Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96–97 (2d Cir. 2002)).

Furthermore, the *Salinger* Court stated that injunctions could be available in copyright infringement cases because to prove the loss of sales due to infringement is notoriously difficult. *See Salinger*, 607 F.3d at 81 (*quoting Omega Importing Corp. v. Petri-Kine Camera Co.*, 451

F.2d 1190, 1195 (2d Cir. 1971)).

Lastly, courts have held that injunctive relief may be available because a Defendant's infringement deprives a copyright owner of its "exclusive right to decide when, where, to whom, and for how much they will authorize transmission of their Copyrighted Works to the public". *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1012 (C.D. Cal. 2011).

In the instant case, irreparable harm is present for the same reasons recognized in *Salinger* and similar cases. First, there is a strong likelihood that Defendant's infringement will cause a likelihood of confusion between Plaintiffs' pump dispensers and Defendant's dispensers because of Defendant's unauthorized use of Plaintiffs' copyrighted photographs. As demonstrated in their complaint, a search on Amazon.com for the term "pump dispensers" yields a search result that displays both parties' products and Plaintiffs' copyrighted images *on the same page* along with Defendant's infringing images. Further, both sets of products sell at virtually the same price, thus guaranteeing that any consumer on Amazon looking for pump dispensers will confuse the source of Plaintiffs' and Defendant's pump dispensers because of the use of identical photographs to advertise the respective pump dispensers.[1] (Compl. ¶ 23 & Compl. Ex. E.)

Second, irreparable harm should be found because Defendant's unauthorized use of the copyrighted photographs deprives Plaintiffs of their "exclusive right to decide when, where, to whom, and for how much they will authorize transmission of their Copyrighted Works to the public". *Warner Bros.*, 824 F. Supp. 2d at 1012.

Thus, Plaintiffs have established that they have no adequate remedy at law, and that this

[1] As this Court is well-aware, likelihood of market confusion, at least in in trademark infringement cases, looks at factors such as the proximity of the products in terms of price and channels of distribution. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961). Plaintiffs have located no cases in the Second Circuit concerning the appropriate test for consumer confusion in a copyright infringement case, but urges the court to consider the same factors that drive a court's evaluation of consumer confusion in Lanham Act cases.

Court should enter injunctive relief against the Defendant enjoining Defendant from using Plaintiffs' copyrighted photographs in any manner, shutting down its web pages that use the infringing photographs to sell Defendant's pump dispensers, and preventing Defendant from using Plaintiffs' images on Defendant's product packaging.

C. Balance of Hardships and Public Interest Favor an Injunction

As explained *infra*, the harm to Plaintiffs is irreparable. In contrast, any potential harm to Defendant is purely monetary. Moreover, Defendant has no legitimate interest in using infringing photographs and can easily obviate the need for the injunction by, for example, using non-infringing images to sell its products. Given "the probable outcome of this action, this is a loss which [defendants] may justifiably be called upon to bear." *Corning Glass Works v. Jeannette Glass Co.*, 308 F. Supp. 1321, 1328 (S.D.N.Y. 1970), *aff'd*, 432 F.2d 784 (2d Cir. 1970).

Furthermore, the public interest undoubtedly favors an injunction. The "public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating television programming." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012).

Inadequate protections for copyright owners "can threaten the very store of knowledge to be accessed; encouraging the production of creative work thus ultimately serves the public's interest in promoting the accessibility of such works." *Id.* (*citing* *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 961 (2005)). "Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255

(3d Cir. 1983).

**IV. Plaintiffs' Request For Five Hundred Dollar Security Bond Is Proper.**

In determining the amount of the bond that a moving patty must post, this Court is "vested with wide discretion." *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996). Plaintiffs respectfully submit that a security bond of $500.00 is proper in this case because of the certainty of Plaintiffs' infringement claims, the damage the accused infringers have caused to Plaintiffs' business and revenues, and Plaintiffs is taking all reasonable measures to provide notice to Defendant as soon as possible so it can be heard on this application. *See Mattel, Inc. v. 86755, et al.*, No. 18-cv-8825-RJS-JSR (S.D.N. Y. Oct. 4. 2018) (The Hon. Richard J. Sullivan held that no security bond was necessary because "it strikes me almost as fairly arbitrary.").

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court enter Preliminary Injunction in the form submitted herewith pending the outcome of this case, along with such other and further relief as this Court deems just and proper.

Dated: March 8, 2023
Brooklyn, New York

Respectfully submitted,

*/s/ Oleg A. Mestechkin*

Oleg A. Mestechkin, Esq. (OM4108)
Wing K. Chiu, Esq. (WC5637)
**MESTECHKIN LAW GROUP P.C.**
1733 Sheepshead Bay Road, Suite 29
Brooklyn, NY 11235
Tel. (212) 256-1113
Fax. (646) 365-2069
om@lawmlg.com
wkc@lawmlg.com

*Attorneys for Plaintiffs SMS Group Inc. d/b/a Bar5F and Vyacheslav Podlubny*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2023, I served the foregoing document via electronic filing with the Clerk of the Court using the CM/ECF filing system.

*/s/ Wing K. Chiu*
Oleg A. Mestechkin (OM4108)
Wing K. Chiu, Esq. (WC5637)
**MESTECHKIN LAW GROUP P.C.**
1733 Sheepshead Bay Road, Suite 29
Brooklyn, NY 11235
Tel. (212) 256-1113
Fax. (646) 365-2069
om@lawmlg.com
wkc@lawmlg.com

*Attorneys for Plaintiffs SMS Group Inc. d/b/a Bar5F and Vyacheslav Podlubny*