```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 SMS GROUP INC. d/b/a BAR5F, and
 VYACHESLAV PODLUBNY
                                            MEMORANDUM & ORDER
                        Plaintiffs,         23-CV-1777(EK)(TAM)


             -against-

 PHARMAAID CORP. d/b/a TOP QUALITY
 DISTRIBUTIONS d/b/a TOP QUALITY
 DISTRIBUTORS,

                        Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs SMS Group Inc. ("SMS"), an online merchant of bottles and pump dispensers, and its president, Vyacheslav Podlubny, bring this copyright infringement and unfair competition action against Pharmaaid Corp. ("Pharmaaid"), which also sells pump dispensers online. Plaintiffs assert that Pharmaaid has infringed on their copyrighted photographs, each depicting part or whole of SMS's pump dispensers, by including them on Pharmaaid's Amazon webpage and product packaging. Plaintiffs moved for preliminary injunctive relief on the copyright infringement claim. After denying their request for a temporary restraining order, the Court held oral argument on Plaintiffs' motion for a preliminary injunction. As set forth

1

below, the motion is denied because Plaintiffs have not shown a reasonable likelihood of success on the merits.

## I. Background[1]

SMS owns and operates several online stores, including one on Amazon, that sell various bottles and pump dispensers. Compl. ¶ 11, ECF No. 1. One such product is a "Universal Shampoo/Conditioner Pump" dispenser for one-liter bottles. *Id.* ¶ 12. To advertise this product, SMS obtained "professional photographs" and uploaded them to their Amazon store in April 2021. *Id.* ¶ 13. After their publication on SMS's Amazon store, Podlubny registered two photographs with the United States Copyright Office under Registration Numbers VAu 001431086 ("'086 Copyright"), and VAu 001490123 ("'123 Copyright"). *Id.* ¶ 15; Compl. Ex. C ("Pl. Copyright Registrations"), ECF No. 1-4.

Each photograph depicts two pump dispensers against a white background. Compl. ¶ 16; *see* Compl. Ex. B ("Images of Pl. copyrighted photographs"), ECF No. 1-3. In the '086 Copyright, the dispensers are oriented vertically and shown in side profile, with the pump heads in a compressed position and facing to the right; the length of the pump tube is also visible. The

---

[1] The factual background is taken from the record available at this stage, which includes the copyright registrations for the images at issue and declarations and evidentiary exhibits submitted by Plaintiffs. Neither party sought to present testimony at a hearing on the request for injunctive relief, and in any case, the facts relevant to the resolution of this motion are not in dispute. *See Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998); *Clark v. Childs*, 416 F. Supp. 3d 221, 222 (E.D.N.Y. 2017).

'123 Copyright depicts enlarged images of the top part of the dispensers, with only a small portion of the tube visible.  One pump head is in a compressed position and appears at a forty-five degree angle to the right, while the other is in a released position and appears at a forty-five degree angle to the left.

Plaintiffs allege that Pharmaaid, which also operates an online store on Amazon, began selling "an identical product, called 'Replacement Pumps for 1 Liter (33.8oz) Bottles'" in December 2022.  Compl. ¶ 19.  To sell and advertise this product, Plaintiffs allege, Pharmaaid copied the copyrighted photographs without authorization, posting them on its own Amazon store and using them on product packaging for three different products.  *Id.* ¶¶ 21-26; *see* Compl. Ex. D ("Images of Def. infringing photographs"), ECF No. 1-5.  Plaintiffs include, in their complaint and memorandum in support of injunctive relief, a chart depicting their own images side-by-side with copies of Pharmaaid's allegedly infringing web images and product packaging.  Compl. ¶ 24; Pl. Mem. in Supp. of Order to Show Cause ("Pl. Mem.") 4-5, ECF No. 4-1.

## II.  Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting

3

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).[2]  To obtain such an injunction, the moving party must demonstrate: (1) "a likelihood of success on the merits"; (2) "a likelihood of irreparable injury in the absence of an injunction"; (3) "that the balance of hardships tips in the plaintiff's favor"; and (4) "that the public interest would not be disserved by the issuance of an injunction."  *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

### III. Discussion

Plaintiffs move for preliminary injunctive relief only as to their copyright infringement claim.  The Court's analysis begins and ends with the first requirement for injunctive relief: Plaintiffs have failed to establish a likelihood of success on the merits, and therefore are not entitled to a preliminary injunction.

The Copyright Act extends copyright protection to pictorial and graphic works, including photographs.  *See* 17 U.S.C. § 102(a)(5).  "To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir.

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits citations and internal quotation marks.

4

1996). As to the first element, a certificate of a registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999).

Plaintiffs have satisfied the first element. They provide, as attachments to their complaint, certificates of registration for the '086 Copyright and '123 Copyright; these indicate an effective registration date of April 28, 2021 and December 29, 2022, respectively, after the images' first publication on Amazon in April 2021. *See* Compl. Ex. C. As set out below, however, Plaintiffs have failed to demonstrate they are likely to succeed on the second element: they have shown entitlement to only thin copyright protection for the photographs and have not shown verbatim copying as required.

**A.   Originality**

"The *sine qua non* of copyright is originality." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). Thus, to qualify for copyright protection, a work must be the product of "independent creation plus a modicum of creativity." *Id.* at 346; *see Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). This is not a high bar. "Originality does not mean that the work for which copyright

5

protection is sought must be either novel or unique," but instead simply refers to "a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind, in other words, the fruits of the author's intellectual labor." *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001). At the same time, "copyright protection extends only to a particular expression of an idea, and not to the idea itself," and "only to those components of a work that are original to the author." *Id.*

For a photograph, elements of originality may include "the photographer's choice of subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *E. Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000); *see Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 452–54 (S.D.N.Y. 2005) (observing that a photograph may be original in timing, "in the creation of the subject," and "in the rendition"). In other words, copyright protection extends to "the photographer's posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Andy Warhol Found. For Visual Arts, Inc. v. Goldsmith*, 11 F.4th

6

26, 46 (2d Cir. 2021), *aff'd sub nom. Andy Warhol Found. For the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023). "The cumulative manifestation of these artistic choices — and what the law ultimately protects — is the image produced in the interval between the shutter opening and closing, *i.e.*, the photograph itself." *Id.*

"Plaintiffs' certificates of registration constitute prima facie evidence of the validity not only of their copyrights, but also of the originality of their works." *Boisson*, 273 F.3d at 268. Pharmaaid may, however, rebut the presumption of originality that attaches to each of the images. *See Scholz Design*, 691 F.3d at 186; *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp. 2d 312, 324 (E.D.N.Y. 2010). Here, Pharmaaid attempts to do so by asserting that the photographs at issue — visual images of SMS's pump dispenser products against a white background — lack the requisite originality to be protectible copyright. *See* Def. Mem. in Opp'n to Prelim. Inj. ("Def. Opp'n") 4, ECF No. 15.

As Pharmaaid correctly observes, both the complaint and Plaintiffs' moving preliminary injunction papers are silent as to the creative elements that went into producing the pump dispenser photographs. Beyond alleging that the photographs are "professional" ones, *see* Compl. ¶ 13, Plaintiffs originally say nothing at all about how the photographs were taken; they do not

7

include, for example, any description of the lighting selection, angle of the camera, or lens and filter choices used to create the images. *Cf. SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 310 (S.D.N.Y. 2000). As a result, Pharmaaid argues, this is the "rare case" where photographs "lack the creative or expressive elements that would render them original works." *See Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F. Supp. 2d 542, 546 (S.D.N.Y. 2001). In *Oriental Art Printing* — one of the primary cases on which Pharmaaid relies, *see* Def. Opp'n 5 — the court held that generic photographs of common Chinese-takeout dishes, used for restaurant menus, were not sufficiently original to be protected by copyright. 175 F. Supp. 2d at 546. As that court reasoned:

> The photographs lack any artistic quality, and neither the nature and content of such photographs, nor plaintiffs' description of their preparation, give the Court any reason to believe that any "creative spark" was required to produce them. The photographs . . . are direct depictions of the most common Chinese food dishes as they appear on the plates served to customers at restaurants. . . . [P]laintiffs fail to describe how the photographs were taken, or how they were incorporated into the copyrighted design as a whole. While [Plaintiffs' president] states that he worked with a photographer on the "lighting" and "angles," he provides no description of either the lighting or angles employed, or any desired expression.

*Id.* at 546–47.

So too, here, Pharmaaid asserts: The photographs comprise a perspective view and a side view of a common product,

8

each set against a plain white background, with no apparent originality as to the manner in which the photograph renders its subject. *See* Def. Opp'n 6. And like the photographs in *Oriental Art Printing*, which served a "purely utilitarian purpose" in helping customers identify dishes on a take-out menu, 175 F. Supp. 2d at 547, Plaintiffs' images merely serve the function of identifying and marketing a product to consumers. *See also Custom Dynamics, LLC v. Radiantz LED Lighting, Inc.*, 535 F. Supp. 2d 542, 549 (E.D.N.C. 2008) (photographs of aftermarket motorcycle lighting accessories was "purely descriptive picture of a product" and thus had no "creative spark"); *ID Tech LLC v. Toggle Web Media LLC*, No. 20-CV-5949, 2023 WL 2613625, at *5–6 (E.D.N.Y. Mar. 23, 2023) (website catalogue photograph of gold chain set against a plain, white background not original).

In apparent response to this omission, Plaintiffs attach to their reply brief a declaration from Podlubny, attesting to the work of a "professional photographer" and "team of professional designers" that went into creating the pump dispenser photographs. *See* Reply Decl. of Vyacheslav Podlubny in Response to Def. Opp'n ("Podlubny Reply Decl.") ¶ 6, ECF No. 18-1; *see also* Podlubny Reply Decl. Ex. 3 ("Professional Photography Invoices"), ECF No. 18-4. He attests, among other things, that the photographer first took various photographs "at

9

different angles and under different light conditions." Podlubny Reply Decl. ¶ 11. After finding the "right photograph that best represented [the] pumps," the photographer then modified the photographs in various ways, including by removing and cropping the background, correcting shadows and reflections, and adjusting the colors to remove shading inconsistencies. *Id.* ¶¶ 12, 15-21.

Given the presumption of originality, and crediting Podlubny's representations as to the creative process that went into the photographs, the Court concludes that the images, broadly speaking, are likely to satisfy the minimal threshold of originality. *See, e.g.*, *E. Am. Trio Prods.*, 97 F. Supp. 2d at 417-18 (S.D.N.Y. 2000) (when a photographer "personally supervised the lay-out of the items that were photographed, positioned them in what she thought an attractive manner, selected particular angles and lighting, and in some cases even had the images enhanced by a computer to achieve the desired outcome," the creative elements satisfied "the minimal originality requirement for copyright"); *FragranceNet.com*, 679 F. Supp. 2d at 320-21 (allegations as to the "background, arrangement, lighting, use of shadow, angle, and selection of products" involved in images of perfume products offered for sale plausibly stated originality).

10

Critically, however, even if the photographs meet that minimal threshold, any resulting copyright protection would be thin, given the scant creativity involved. *See SHL Imaging*, 117 F. Supp. 2d at 311. As the court in *SHL Imaging* explained, photographs of mirrored picture frames used in a sales catalogue were only original based on the "totality of the precise lighting selection, angle of the camera, lens and filter selection." *Id.* In other words, copyright protection extended to the specific expression of the picture frames as captured in the photographs, not the idea of photographing the frames itself; the photographer could not, for example, "prevent others from photographing the same frames, or using the same lighting techniques" to do so. *Id.*

As applied here, then, any copyright protection that SMS's images enjoy does not extend to idea of photographing pump dispensers, but instead to the totality of the specific lighting, shading, angles, arrangement, and digital enhancements that went into those images.

**B. Unlawful Copying**

A plaintiff then "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Hamil Am.*, 193 F.3d at 99. The Court need not

11

consider the first issue of actual copying because Plaintiffs have failed to demonstrate the second: substantial similarities between the two sets of images.

When a photograph or image is entitled to only thin copyright protection — like the ones at issue here — that work is "only protected from verbatim copying." *SHL Imaging*, 117 F. Supp. 2d at 311; *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996) ("Where the quantum of originality is slight and the resulting copyright is 'thin,' infringement will be established only by very close copying because the majority of the work is unprotectable."); *see also Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) ("Though the [parties'] photographs are indeed similar, their similarity is inevitable, given the shared concept, or idea, of photographing the Skyy [vodka] bottle. When . . . subtracting the unoriginal elements, [plaintiff] is left with only a 'thin' copyright, which protects against only virtually identical copying.").

In adopting this verbatim copying requirement, courts have recognized that the "range of protectable expression is constrained by both the subject-matter idea of the photograph and the conventions of the commercial product shot." *Ets-Hokin*, 323 F.3d at 766.  SMS and Pharmaaid are both online merchants that sell pump dispensers on Amazon's platform, and Plaintiffs themselves allege that Pharmaaid sells a product "identical" to

their own.  Compl. ¶ 19.  Practically speaking, one can imagine only a limited number of ways to render an image of identical pump dispensers for purposes of an online marketplace. Requiring anything less than virtual identity could "permit [parties] to monopolize" the use of photographs that depict identical or similar-looking products, for the same general purposes.  *Cf. Oriental Art Printing*, 175 F. Supp. 2d at 548.

Plaintiffs have failed to carry their burden, on this motion, of demonstrating that Pharmaaid's photographs are virtually identical to their copyrighted images.  They do not identify or explain what elements of the photographs are substantially similar; instead, they only include a "side-by-side" comparison of the parties' respective photographs and make the conclusory assertion that "the images are identical."  Pl. Mem. 9.  A closer inspection of the images, however, calls this assertion into serious question.  There are, for example, discernable dissimilarities between the '086 Copyright and Pharmaaid's allegedly infringing image: the pump dispensers are angled differently and point in a different direction, and appear to have differences in their shading, coloring, and transparency.  A comparison of the '123 Copyright and Pharmaaid's image likewise reveals differences in the angling and direction of the pump dispenser nozzles, as well as the size

13

(or extent to which the image is enlarged).  Based on the current record, Plaintiffs have failed to show unlawful copying.

Accordingly, Plaintiffs have not demonstrated that they are likely to succeed on the merits of their copyright infringement claim.  As a result, they are not entitled to a preliminary injunction, and the Court need not address the remaining elements regarding irreparable harm and the balance of equities.  *See, e.g.*, *Two Locks, Inc. v. Kellogg Sales Co.*, 68 F. Supp. 3d 317, 333–34 (E.D.N.Y. 2014) (collecting cases).

### IV.  Conclusion

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is denied.

SO ORDERED.

      /s/ Eric Komitee
    ERIC KOMITEE
    United States District Judge

Dated:   October 19, 2023
        Brooklyn, New York